### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BURGERFI INTERNATIONAL, INC., *et al.,*[1] | Case No. 24-12017 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: November 6, 2024 at 10:00 a.m. (ET)** |
| | **Objection Deadline: October 15, 2024** |

**PARTIES RECEIVING THIS MOTION SHOULD
LOCATE THEIR NAMES AND THEIR LEASES IN THE
SCHEDULE OF LEASES ATTACHED AS EXHIBIT 1
TO THE PROPOSED ORDER ATTACHED HERETO**

### DEBTORS' SECOND OMNIBUS MOTION
### FOR ENTRY OF AN ORDER AUTHORIZING REJECTION OF
### CERTAIN UNEXPIRED LEASES EFFECTIVE AS OF THE PETITION DATE

BurgerFi International, Inc., and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), by and through their undersigned proposed counsel, hereby move for entry of an order granting the relief described below and respectfully represent as follows:

### RELIEF REQUESTED

1. The Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**") authorizing rejection of the nonresidential real property leases (each a "**Lease**" and, collectively, the "**Leases**") set forth on **Exhibit 1** to the

---

[1] The last four digits of the tax identification number of BurgerFi International, Inc. and of Anthony's Pizza Holding Company, LLC are 8815 and 4718, respectively. A list of all Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, is available at https://cases.stretto.com/BFI. The Debtors' mailing address is 200 E Las Olas Blvd., Suite 1400, Fort Lauderdale, FL 33301.

Proposed Order (the "**Rejection Schedule**"), effective as of the Petition Date. The Debtors also request that the deadline to file a proof of claim with respect to any claim for damages arising from the rejection of a Lease be the date fixed by this Court as the deadline for other general unsecured proofs of claim, if any.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent such consent, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

4. The predicates for the relief requested herein are sections 105(a) and 365(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 6006 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**").

## BACKGROUND

I. THE CHAPTER 11 CASES

5. On September 11, 2024 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed in these chapter 11 cases.

6.  The Debtors develop, operate, and franchise restaurants under the BurgerFi and Anthony's Coal Fired Pizza brands. BurgerFi provides a fast-casual, "better burger" experience using all-natural, high-quality ingredients in modern, eco-friendly restaurants, while Anthony's provides a premium-casual pizza and wing restaurant centered around a 900-degree coal-fired oven and fresh, never frozen, high-quality ingredients. As of the date hereof, the Debtors operate 67 restaurants, franchise another 77 restaurants, and employ more than 2,100 persons.

7.  Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the *Declaration of Jeremy Rosenthal in Support of the Chapter 11 Petitions and First Day Pleadings* [Docket No. 21] (the "**First Day Declaration**")[2] and incorporated herein by reference.

## II.    THE LEASES

8.  Each of the Leases is for a location that was closed months or years before the Petition Date and the Debtors have long since removed any of the personal property at such locations. Each of the Landlords at issue have known, for months or years before the Petition Date, that the Debtors have vacated the premises and defaulted under the Leases.

9.  Out of an abundance of caution, the Debtors seek to reject each Lease effective as of the Petition Date. The Debtors believe that the costs of the Leases outweigh any possible benefit that may be achieved from assignments or subleases of the Leases (to the extent otherwise permitted).

---

[2]  Capitalized terms used but not defined herein have the meaning ascribed in the First Day Declaration.

**BASIS FOR RELIEF REQUESTED**

I. **REJECTION OF THE LEASES IS IN THE BEST INTERESTS OF THE DEBTORS AND THE ESTATES AND SHOULD BE APPROVED**

10. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any . . . unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984). "[T]he purpose behind allowing assumption or rejection . . . is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property." *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993).

11. Courts defer to a debtor's business judgment in rejecting an executory contract (or unexpired lease), and upon finding that a debtor has exercised its business judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See Bildisco*, 465 U.S. at 523 ("business judgment" standard is applied by court when approving rejection of executory contracts); *see also Glenstone Lodge, Inc. v. Buckhead Am. Corp. (In re Buckhead Am. Corp.)*, 180 B.R. 83, 88 (Bankr. D. Del. 1995). Application of the business judgment standard requires a court to approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39-40 (3d Cir. 1989) (rejection of an executory contract or unexpired lease is appropriate where such rejection would benefit the estate); *In re Fed. Mogul Glob., Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001)) ("[a] debtor's decision to reject . . . must be summarily affirmed unless it is the product of bad faith, or whim or caprice.") (internal marks and quotation omitted); *see also Lubrizol Enters., Inc. v. Richmond Metal Finishes*, 756 F.2d 1043, 1047 (4th Cir. 1985); *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996); *In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981)

(holding that absent extraordinary circumstances, court approval of a debtor's decision to reject an executory contract "should be granted as a matter of course").

12. The Debtors have determined that the Leases are no longer necessary for, or beneficial to, their businesses, and create unnecessary and burdensome expenses for their estates. The Debtors' obligations under the Leases, in particular to pay postpetition rent, real estate taxes, utilities, insurance, and other related charges for vacant premises, eliminate any potential value of the Leases to the Debtors' estates, including any potential value from an assignment or sublease. Accordingly, the Leases are not advantageous assets for the Debtors and should be rejected to eliminate further financial burden and postpetition administrative costs to the estates.

## II. RETROACTIVE REJECTION OF THE LEASES IS APPROPRIATE

13. Pursuant to section 365 of the Bankruptcy Code, the Debtors request approval of the rejection of the Leases as of the Petition Date. The retroactive rejection of executory contracts and unexpired leases is appropriate when the principles of equity so dictate. *Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995); *see also Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 608–09 (2d Cir. 2007) (affirming retroactive rejection of leases where the debtor/tenant vacated the premises); *In re At Home Corp.*, 392 F.3d 1064, 1065–66 (9th Cir. 2004) (holding "that a bankruptcy court may approve retroactively the rejection of an unexpired nonresidential lease"); *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("We cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution.").

14. The Debtors have had no benefit whatsoever from the Leases during the postpetition period and do not expect to realize any such benefit in the future. The Debtors have

breached the Leases and vacated the premises since at least February 2024, and each of the respective landlords has been aware of this situation for months. Although there should be no colorable position that the Leases benefit the estates such that administrative expense treatment for any payment obligations thereunder is appropriate under section 503(b) of the Bankruptcy Code, the Debtors understand that certain of the landlords will or may seek to assert administrative claims against the estates pursuant to section 365(d)(3) of the Bankruptcy Code. This would inequitably benefit such landlords at the expense of general unsecured creditors.

15.     Although fixing the effective date of rejection for the Leases as the date of this Motion may be sufficient to avoid unnecessary administrative expenses being incurred by the estate, out of an abundance of caution the Debtors request that the effective date of rejection be the Petition Date. The Debtors submit this relief will not prejudice the landlords or any party in interest, and is in the interests of justice by avoiding unnecessary litigation in the future over administrative expense treatment under section 503(b) of the Bankruptcy Code.

## **RESERVATION OF RIGHTS**

16.     The Debtors expressly reserve their right and defenses with respect to any claims related to the relief sought herein. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim against the Debtors, a waiver of the Debtors' rights with respect to any claim against any other person, or an admission that any agreement referred to herein is an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code.

## **NOTICE**

17.     The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the United States Securities and Exchange Commission;

(c) the United States Attorney for the District of Delaware; (d) the attorney generals for all states in which the Debtors conduct business; (e) the Internal Revenue Service; (f) counsel for the Debtors' DIP Lender; (g) the holders of the 50 largest claims against the Debtors on a consolidated basis; and (h) all parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that, in light of the nature of the relief requested, no further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: September 26, 2024
      Wilmington, Delaware

**RAINES FELDMAN LITTRELL LLP**

*/s/ Thomas J. Francella, Jr.*
Thomas J. Francella, Jr. (No. 3835)
1200 N. Broom Street
Wilmington, DE 19806
Telephone: (302) 772-5805
Email: tfrancella@raineslaw.com

- and -

Hamid R. Rafatjoo (*pro hac vice*)
Robert S. Marticello (*pro hac vice*)
1900 Avenue of the Stars, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 440-4100
Email: hrafatjoo@raineslaw.com
       rmarticello@raineslaw.com

- and -

Carollynn H.G. Callari (*pro hac vice*)
David S. Forsh (*pro hac vice*)
1350 Avenue of the Americas, 22nd Floor
New York, NY 10019
Telephone: (917) 790-7109
Email: ccallari@raineslaw.com
       dforsh@raineslaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BURGERFI INTERNATIONAL, INC., *et al.*,[1] | Case No. 24-12017 (CTG) |
| Debtors. | (Jointly Administered) |

**ORDER (I) AUTHORIZING (A) REJECTION OF CERTAIN UNEXPIRED LEASES AND (B) ABANDONMENT OF CERTAIN PERSONAL PROPERTY IN CONNECTION THEREWITH, EACH EFFECTIVE AS OF THE PETITION DATE; AND (II) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") authorizing rejection of certain Leases, as set forth on **Exhibit 1** attached hereto, effective as of the Petition Date, and granting certain related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of these cases and this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and

---

[1] The last four digits of the tax identification number of BurgerFi International, Inc. and of Anthony's Pizza Holding Company, LLC are 8815 and 4718, respectively. A list of all Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, is available at https://cases.stretto.com/BFI. The Debtors' mailing address is 200 E Las Olas Blvd., Suite 1400, Fort Lauderdale, FL 33301.

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion.

1

no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, each of the Leases set forth on **Exhibit 1** attached hereto is rejected effective as of the Petition Date.

3. The deadline to file a proof of claim arising from the rejection of a Lease shall be the date fixed by this Court as the deadline to file general unsecured proofs of claim in these chapter 11 cases.

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

# Exhibit 1

## Lease Rejection Schedule

| Landlord | Store No. | Brand | Store Name | Date Closed | Store Address | City | State |
|---|---|---|---|---|---|---|---|
| 1200 Arch LP |  | BurgerFi | Philadelphia | Dec-23 | 1200 Arch Street | Philadelphia | PA |
| 1674 Meridian Ventures, LLC | 48 | BurgerFi | Meridian | 2020 | 1674 Meridian Avenue, Suite 102 | Miami Beach | FL |
| 5th Street Station Ventures, LLC | 167 | BurgerFi | Charlottesville | Feb-24 | 375 Merchant Walk Square | Charlottesville | VA |
| 6610 Mooretown Road, LLC |  | BurgerFi | Williamsburg | Feb-24 | 6610 Mooretown Road, Suite F | Williamsburg | VA |
| Azarian-Livingston Town Center, LLC and Azarian LTC LLC | 1060 | ACFP | Livingston | Sept-23 | 8119 Town Center Way | Livingston | NJ |
| KIMCO Realty Op, LLC | 54 | BurgerFi | Wellington | Aug-23 | 2535 S. State Rd. 7, Unit 110 | Wellington | FL |
| OLDE SPROUL SHOPPING VILLAGE | 2010 | ACFP | Springfield | Oct-23 | 1178 Baltimore Pike | Springfield | PA |