## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BURGERFI INTERNATIONAL, INC., *et al.,*[1] | Case No. 24-12017 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: January 28, 2025 at 3:00 p.m. (ET)** |
| | **Objection Deadline: January 21, 2025** |

**DEBTORS' MOTION FOR ENTRY OF ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF DISCLOSURES IN THE COMBINED DISCLOSURE STATEMENT AND PLAN; (II) APPROVING SOLICITATION AND TABULATION PROCEDURES, (III) SCHEDULING A COMBINED DISCLOSURE STATEMENT APPROVAL AND PLAN CONFIRMATION HEARING AND SETTING RELATED DATES AND DEADLINES; (IV) APPROVING THE FORMS OF BALLOTS, SOLICITATION PACKAGES, AND NOTICES IN CONNECTION THEREWITH; AND (V) GRANTING RELATED RELIEF**

BurgerFi International, Inc. and its affiliated debtors and debtors in possession (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Cases**"), by and through their undersigned counsel, hereby move for entry of an order (the "**Proposed Order**"), pursuant to sections 105(a), 1125, 1126 and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rules 2002, 3003, 3017, 3018, 3020 and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 3017-1 and 3017-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), (a) conditionally approving the disclosures set forth in the *Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [D.I. 885] (as may be

---

[1] The last four digits of the tax identification number of BurgerFi International, Inc. and of Anthony's Pizza Holding Company, LLC are 8815 and 4718, respectively. A list of all Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, is available at https://cases.stretto.com/BFI. The Debtors' mailing address is 5271 California Ave., Suite 270, Irvine, CA 92617.

amended, modified and/or supplemented, the "**Combined Disclosure Statement and Plan**" or,

separately, in relevant part, the "**Disclosure Statement**" or the "**Plan**"),[2] for solicitation purposes

only, (b) approving solicitation and tabulation procedures, (c) scheduling a combined disclosure

statement approval and plan confirmation hearing (the "**Combined Hearing**") and setting related

dates and deadlines; (d) approving the forms of ballots, solicitation packages, and notices in

connection therewith, and (e) granting related relief.  In support of this Motion, the Debtors

respectfully state as follows:

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

*Order of Reference* from the United States District Court for the District of Delaware, dated

February 29, 2012.  The Debtors consent to entry of a final order by the Court in connection with

this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final

orders or judgments in connection herewith consistent with Article III of the United States

Constitution.

2.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these

Cases and this Motion is proper in the District of Delaware under 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a), 1125, 1126 and 1128

of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3017, 3018, 3020 and 9006 and Local

Rules 3017-1 and 3017-2.

---

[2]    Capitalized terms used and not defined herein have the meaning ascribed in the Combined Disclosure
    Statement and Plan.

## BACKGROUND

**A.     General Background**

4.     On September 11, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     No trustee or examiner has been appointed in these Cases.  On September 27, 2024, as amended on October 28, 2024, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "**Committee**") [D.I. 105 and 227] in these Cases.

6.     The Debtors developed, operated and franchised restaurants under the BurgerFi and Anthony's Coal Fired Pizza brands.  Under the Debtors' operation, BurgerFi provided a fast-casual "better burger" experience using all-natural, high-quality ingredients in modern, eco-friendly restaurants and Anthony's provided a premium-casual pizza and wing restaurant centered around a 900-degree coal-fired oven and fresh, never frozen, high-quality ingredients.  As of the Petition Date, the Debtors operated 67 restaurants, franchised another 77 restaurants, and employed more than 2,100 persons.  Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these Cases, is set forth in the *Declaration of Jeremy Rosenthal in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 21].

**B.     The Sale**

7.     On September 20, 2024, the Debtors filed the *Debtors' Motion for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of the Debtors' Assets, (B) Authorizing the Debtors to Designate a Stalking Horse Bid, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, and*

*(E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [D.I. 88] seeking entry of an order (i) authorizing and approving certain sale and bidding procedures ("**Bidding Procedures**") for the sale of the Debtors' assets (the "**Sale**"); (ii) authorizing the Debtors to select a stalking horse bidder and provide bid protections; (iii) authorizing and approving procedures for the assumption and assignment of executory contracts and unexpired leases in connection with the Sale, including notice of proposed cure amounts; (iv) scheduling an auction (the "**Auction**") and a hearing to approve the Sale; (v) approving the form and manner of notice of the hearing to consider approval of the Sale ("**Sale Hearing**"); and (vi) granting related relief.  On October 17, 2024, the Court entered an order, which, among other things, approved the Bidding Procedures and scheduled an Auction for October 29, 2024, and a Sale Hearing for November 6, 2024 [D.I. 192].

8.     Following the Auction, the Debtors filed the *Notice of Successful Bidder for BurgerFi Assets* [D.I. 238] and the *Notice of Successful Bidder for Anthony's Coal Fired Pizza Assets* [D.I. 239], each identifying TREW Capital Management Private Credit 2 LLC ("**TREW**") as the successful bidder.  The purchase price was a credit bid by TREW of $10,000,000 for certain BurgerFi assets, and $44,000,000 for certain Anthony's Coal Fired Pizza assets, and the assumption of certain liabilities.

9.     On November 6, 2024, the Court held the Sale Hearing and entered orders approving the Sale [D.I. 310 and 311].

10.    The Sale of the Anthony's Coal Fired Pizza assets closed effective November 15, 2024, to Florida Coal Fired Pizza, LLC, as the Designee of TREW, and the Sale of the BurgerFi

4

assets closed effective November 27, 2024, to BFI Restaurant Group, LLC, as Designee of TREW.
*See* D.I. 559, 580.

**C.      Bar Date and Schedules**

11.      On October 16, 2024, the Debtors filed the *Motion to Establish Deadlines for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [D.I. 183] (the "**Bar Date Motion**").  On December 2, 2024, the Court entered the *Order Establishing Deadlines for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [D.I. 581], granting the relief sought in the Bar Date Motion including, *inter alia*, setting January 8, 2025, at 11:59 p.m. (ET) as the deadline to file nongovernmental proofs of claim.

12.      On November 14 and 15, 2024, each of the Debtors filed their schedules of assets and liabilities (as may be amended or modified from time to time, the "**Schedules**") and their statements of financial affairs (as may be amended from time to time, the "**Statements**," and, together with the Schedules, the "**Schedules and Statements**") [D.I. 319-555].

13.      Contemporaneously herewith, the Debtors have filed the Combined Disclosure Statement and Plan.

**<u>RELIEF REQUESTED</u>**

14.      As set forth herein, the Debtors seek entry of the Proposed Order granting relief including:

      a.      conditional approval of the disclosures set forth in the Combined Disclosure Statement and Plan as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code;

      b.      approving procedures for (i) solicitation of votes concerning the Plan ("**Solicitation Procedures**"), and (ii) tabulation of votes ("**Tabulation Procedures**");

      c.      scheduling the Combined Hearing and setting related dates and deadlines;

d.    approving the Ballots that the Debtors will send to Claimholders (defined below) in Classes 2, 3, 4, 5, and 6, substantially in the form attached to the Proposed Order as **Exhibit 1**;

e.    approving the Solicitation Packages (defined below) that will be sent to Claimholders as complying with Bankruptcy Rules 2002(b) and 3017(d);

f.    approving the forms of notice applicable to (i) holders of Claims that are unimpaired under the Plan and who are, pursuant to section 1126(f) of the Bankruptcy Code, conclusively presumed to accept the Plan and (ii) holders of Claims and Interests that are impaired under the Plan and who are, pursuant to section 1126(f) of the Bankruptcy Code, conclusively deemed to reject the Plan, substantially in the forms attached to the Proposed Order as **Exhibits 3 and 4**, respectively; and

g.    establishing the following dates and deadlines:

| Milestone | Dates *(Proposed)* |
|---|---|
| Voting Record Date | January 13, 2025 |
| Deadline to Object to Claims for Voting Purposes Only | February 7, 2025 |
| Deadline for Creditors to File Rule 3018 Motions | February 7, 2025 |
| Deadline to File Plan Supplement | February 21, 2025 |
| Voting Deadline | February 28, 2025 |
| Deadline to Object to Final Approval of the Disclosure Statement or Plan Confirmation | February 28, 2025 |
| Deadline to Respond to a Rule 3018 Motion | February 28, 2025 |
| Deadline for Briefing in Support of Final Approval of the Disclosure Statement or Plan Confirmation | March 6, 2025 |
| Deadline to File Voting Tabulation Affidavit | March 6, 2025 |
| Confirmation Hearing | March 11, 2025 at 1:00 p.m. (ET) |

## BASIS FOR RELIEF REQUESTED

**A.    Conditional Approval of the Combined Disclosure Statement and Plan for Solicitation Purposes**

15.    Section 1125 of the Bankruptcy Code requires that a disclosure statement be approved by the Court as containing "adequate information" prior to a debtor's solicitation of acceptances or rejections of a plan. 11 U.S.C. § 1125(b). "Adequate information" is defined in the Bankruptcy Code as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor . . . that would enable such a hypothetical investor of the relevant case to make an informed judgment about the plan…

11 U.S.C. § 1125(a). The Combined Disclosure Statement and Plan therefore must provide information that is reasonably practicable to permit an informed judgment by impaired creditors entitled to vote on the Plan. *See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 321-22 (3d Cir. 2003). Indeed, the Combined Disclosure Statement and Plan "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991).

16.    Determining whether a disclosure statement provides "adequate information," is a flexible exercise based on the facts and circumstances of each case and is within the broad discretion of the Court. *See* 11 U.S.C. § 1125(a)(1) ("[A]dequate information means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . ." (emphasis added)); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *First Am. Bank of New York v. Century Glove, Inc.*,

81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); S. REP. NO. 95-989, at 121 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5907 ("[T]he information required will necessarily be governed by the circumstances of the case.").

17.     Accordingly, the Combined Disclosure Statement and Plan provides, among other things, a summary of the Cases and of the Debtors' assets and liabilities, and an estimate of distributions to the holders of Allowed Claims. The Combined Disclosure Statement and Plan also contains the pertinent information necessary for holders of Claims in each Voting Class to make an informed decision about whether to vote to accept or reject the Plan, including, among other things, information regarding:

- an overview of the major events that occurred during the course of these Cases, including the Sale;

- a summary of the classification and treatment of all classes of Claims and Interests;

- the provisions governing distributions under the Plan; and

- the means for implementation of the Plan.

18.     The Debtors respectfully submit that the Combined Disclosure Statement and Plan complies with all aspects of section 1125 of the Bankruptcy Code.  Notwithstanding, at the initial hearing on this Motion (the "**Interim Hearing**"), the Debtors will seek only conditional approval of the disclosures set forth in the Combined Disclosure Statement and Plan for solicitation purposes.  At the Combined Hearing (defined below), the Debtors will demonstrate on a final basis that the Combined Disclosure Statement and Plan contains adequate information within the meaning of section 1125.

**B.      A Combined Hearing is Appropriate in These Circumstances**

19.      Section 105 of the Bankruptcy Code expressly authorizes the court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically." 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases."). The Bankruptcy Rules also support approval of the Combined Hearing as a matter of efficiency, judicial economy and conservation of estate resources. *See* Fed. R. Bankr. P. 1001(1) (Bankruptcy Rules "must be construed, administered, and employed by both the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding").

20.      Local Rule 3017-2(a) expressly permits combined hearings in certain instances. Specifically, a combined hearing is permissible where, as here, "[t]he proposed plan is a liquidating plan in which all or substantially all of the assets of the debtor(s) were or will be liquidated pursuant to a sale under 11 U.S.C. § 363; the plan does not seek nonconsensual releases/injunctions with respect to claims creditors may hold against non-debtor parties; and the debtor(s)'s combined assets to be distributed pursuant to the proposed plan are estimated, in good faith, to be worth less than $25 million (excluding causes of action)." Del. Bankr. L.R. 3017-2(a)(iv).

21.      The Debtors submit that the proposed Combined Hearing will streamline and expedite the confirmation process, which will inure directly to the benefit of the Debtors' creditors by hastening the implementation of the Plan and limiting the amount of time the Debtors remain in chapter 11. Indeed, the Combined Hearing will spare the Debtors from additional administrative

expenses associated with a two-stage process, promote judicial efficiency and economy, and maximize the funds available for distribution to holders of Allowed Claims.  Approval of the requested Combined Hearing is appropriate under the facts and circumstances of these Cases.

**SOLICITATION PROCEDURES**

A.    **Voting Class**

22.    The Debtors respectfully request that the Court approve the Solicitation Procedures and the Tabulation Procedures set forth herein, and authorize the solicitation and tabulation of votes on the Plan from the Voting Classes (defined below) in accordance therewith.

23.    The Plan provides for eight (8) separate classes of Claims and Interests, as summarized below:

| Class | Type | Status Under the Plan | Voting Status |
|---|---|---|---|
| 1 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 2 | Priority Non-Tax Claims | Unimpaired | Deemed to Accept |
| 3 | TREW Claims | Impaired | Entitled to Vote |
| 4 | CP7 Claims | Impaired | Entitled to Vote |
| 5 | BFI Claims | Impaired | Entitled to Vote |
| 6 | ACFP Claims | Impaired | Entitled to Vote |
| 7 | Intercompany Claims | Impaired | Deemed to Reject |
| 8 | Interests | Impaired | Deemed to Reject |

24.    The Debtors propose to solicit votes to accept or reject the Plan from holders of Claims (collectively, the "**Claimholders**") in Classes 3, 4, 5, and 6 (collectively, the "**Voting Classes**").  The Voting Classes are the only classes that will receive a Ballot to vote to accept or reject the Plan.

25.    Class 1 (Other Secured Claims) and Class 2 (Priority Non-Tax Claims) (collectively, the "**Unimpaired Classes**") are not impaired and therefore presumed to accept the

Plan in accordance with section 1126(f) of the Bankruptcy Code. Class 7 (Intercompany Claims) and Class 8 (Interests) (collectively, the "**Impaired Non-Voting Classes**," and together with the Unimpaired Classes, the "**Non-Voting Classes**") are impaired and not receiving any distribution under the Plan and therefore are deemed to reject the Plan in accordance with section 1126(g) of the Bankruptcy Code.

**B.    The Solicitation Procedures**

26.    Bankruptcy Rule 3017(d) identifies the materials that must be provided to the Claimholders entitled to vote on the Plan for purposes of soliciting votes and providing adequate notice of the hearing on confirmation of a plan:

> After the disclosure statement has been approved, the court must order the debtor in possession, the trustee, the plan proponent, or the clerk to mail the following items to creditors and equity security holders and, in a Chapter 11 case, to send a copy of each to the United States trustee:
>
> (i)    the court-approved disclosure statement;
>
> (ii)    the plan or a court-approved summary of it;
>
> (iii)    a notice of the time to file acceptances and rejections of the plan; and
>
> (iv)    any other information as the court orders--including any opinion approving the disclosure statement or a court-approved summary of the opinion.

Fed. R. Bankr. P. 3017(d)(1)(A). In addition, "[n]otice of the time to file an objection to a plan's confirmation and the date of the hearing on confirmation must be mailed to creditors and equity security holders in accordance with Rule 2002(b). A ballot that conforms to Form 314 must also be mailed to creditors and equity security holders who are entitled to vote on the plan. . ." *Id.* 3017(d)(2).

27.    In accordance with Bankruptcy Rule 3017(d), the Debtors propose that, after entry of the Proposed Order, the following materials (collectively, the "**Solicitation Packages**") shall

be mailed by Stretto Inc., the Court-approved administrative agent (the "**Balloting Agent**") to all

Claimholders in the Voting Classes:

    a.   a Ballot (accompanied by a postage pre-paid, pre-addressed business reply envelope), substantially in the form attached to the Proposed Order as **Exhibit 1**;

    b.   the notice of the Confirmation Hearing (the "**Confirmation Notice**"), substantially in the form attached to the Proposed Order as **Exhibit 2**, which will include (i) the website address, https://cases.stretto.com/BFI, where parties may download electronic copies of the Combined Disclosure Statement and Plan and other documents related thereto, and where parties interested in voting electronically can cast a Ballot in electronic form; (ii) an e-mail address, BurgerFiInquiries@stretto.com, at which parties may write to request a copy of the Combined Disclosure Statement and Plan and other documents related thereto; and (iii) a telephone number, (855) 492-7450 (U.S./Canada, toll-free) or (714) 881-5915 (International), that parties may call to request an electronic copy of the Combined Disclosure Statement and Plan;

    c.   a copy of the Order approving the Solicitation Procedures and Tabulation Procedures (without exhibits); and

    d.   a copy of the Combined Disclosure Statement and Plan (with all exhibits thereto).

28.    The Debtors will cause the Balloting Agent to distribute the Solicitation Packages no later than 1 business day after entry of the Proposed Order, or as soon as reasonably practicable thereafter (the "**Solicitation Date**") to Claimholders in the Voting Classes.    Consistent with sections 1126(f) and 1126(g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), the Debtors request that no Solicitation Packages be mailed to the Non-Voting Classes.

29.    The Debtors believe that it would be costly and wasteful to distribute Solicitation Packages to the same addresses to which undeliverable mailings were previously sent.  Therefore, in an effort to conserve estate resources, the Debtors request the Court's approval for a departure from the strict notice rule, to the extent possible, excusing the Debtors from distributing Solicitation Packages to those persons or entities listed at addresses for which previous mailings have been returned as undeliverable unless the Debtors receive written notice of accurate addresses for such persons or entities prior to the Voting Record Date (defined below).  The Debtors also

seek a waiver of any obligation for the Debtors or the Balloting Agent to conduct any additional research for updated addresses based on undeliverable Solicitation Packages (including undeliverable Ballots), Confirmation Notices or Notices of Non-Voting Status (defined below).

30.    The Debtors intend to make reasonable efforts to ensure that any holder of a Claim that has filed duplicative Claims against the Debtors (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class is entitled to only vote once on account of such Claim.

**C.    The Voting Record Date**

31.    Bankruptcy Rule 3017(d) provides that the Court may set the date on which a disclosure statement is approved or another date as the record date for determining which holders of Claims and Interests are entitled to receive solicitation materials, including ballots for voting on a plan.  *See* Fed. R. Bankr. P. 3017(d).  The Debtors propose that the Court establish the date that the Court enters the Proposed Order as the record date (the "**Voting Record Date**") for purposes of determining which holders of Claims and Interests are entitled to receive solicitation materials, including a Ballot and Notices of Non-Voting Status (defined below).

32.    With respect to any transferred claim, the Debtors propose that the transferee will be entitled to receive and cast a Ballot on account of such transferred claim only if (a) all actions necessary to effect the transfer of the claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date (including without limitation, the passage of any applicable objection period) or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

**D.      The Voting Deadline for Receipt of Ballots**

33.      Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan . . . ." Fed. R. Bankr. P. 3017(c).  The Debtors anticipate commencing solicitation on the Plan by mailing the Solicitation Packages (including the Ballots) to the Voting Classes no later than 1 business day after entry of the Proposed Order, or as soon as reasonably practicable thereafter.  Based on this schedule, the Debtors propose that all Ballots being cast must be properly executed, completed and delivered either (i) electronically through the E-Ballot Portal (as discussed below), (ii) in the business reply envelope, or (iii) by regular mail, overnight courier, or personal delivery to the Balloting Agent so that the Ballots are actually <u>received</u> no later than **February 28, 2025 at 11:59 p.m. (ET)** (the "**Voting Deadline**").  This date will give Claimholders sufficient time to review the solicitation materials and vote while also providing the Debtors, through the Balloting Agent, with enough time to tabulate the Ballots and prepare for whatever issues the voted Ballots may raise in connection with the Confirmation Hearing.

**E.      The Proposed Form of Ballots and the Use of E-Ballot Portal**

34.      In accordance with Bankruptcy Rules 3017(d) and 3018(c), the Debtors propose to mail to the Claimholders in the Voting Classes a form of ballot attached to the Proposed Order as **<u>Exhibit 1</u>** (the "**Ballot**").  The Ballot is substantially similar to Official Form No. 14 but has been modified to be consistent with the specific provisions of the Plan and the facts of these Cases.  The instructions for completion of the Ballot are included in the Ballot, and Article XIII of the Combined Disclosure Statement and Plan provides information and instructions for Claimholders with questions regarding their Ballots or voting process.  Ballots will not be distributed to holders of Claims or Interests in the Non-Voting Classes.  The Ballot is appropriately tailored to the Plan

and complies with Bankruptcy Rules 3017 and 3018.  The Debtors request that the Court approve the Ballot in the form attached to the Proposed Order as **Exhibit 1**.

35.     In addition, the Debtors request authorization for the electronic, online submission of Ballots at the following website: https://cases.stretto.com/BFI (the "**E-Ballot Portal**").  Parties entitled to vote may choose to send in their Ballots by regular mail, overnight courier or personal delivery, or cast an electronic Ballot and electronically sign and submit the Ballot by utilizing the E-Ballot Portal.  Instructions for electronic, online transmission of Ballots through the E-Ballot Portal will be set forth on such website.  Ballot data will be encrypted and the audit trail created by submissions of a Ballot through the E-Ballot Portal shall become part of the record of any Ballot submitted through the E-Ballot Portal and the Claimholder's electronic signature will be immediately legally valid and effective.  Any Ballot submitted by facsimile transmission, e-mail, or other electronic means except through the E-Ballot Portal will not be counted.

36.     Only one Ballot may be submitted by each Claimholder in one of the Voting Classes.  A Claimholder that submits a Ballot through the E-Ballot Portal will be instructed to not also submit a paper Ballot.  If a Claimholder submits a Ballot using the E-Ballot Portal and also submits a paper Ballot, the last valid Ballot received by the Balloting Agent before the Voting Deadline will constitute such Claimholder's official vote unless otherwise agreed to by the Debtors in their sole and absolute discretion.

37.     Upon completion of balloting, the Balloting Agent will certify the amount and number of allowed Claims in the Voting Classes accepting or rejecting the Plan, including all votes not counted and the reason for not counting such votes. The Debtors will file such certification with the Court on or before March 6, 2025.

38.    The Balloting Agent will retain all paper copies of Ballots and all solicitation correspondence for one (1) year following the effective date of the Plan (the "**Effective Date**"), at which time the Balloting Agent is authorized to destroy or otherwise dispose of all paper copies of Ballots, printed solicitation materials, including unused copies of the Solicitation Packages, and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors in writing or by the Court within such one (1) year period.

**F.    Notices of Non-Voting Status**

39.    As discussed above, the Non-Voting Classes are not entitled to vote on the Plan. As such, they will not receive Solicitation Packages. The Debtors propose that the Unimpaired Classes receive (i) the Confirmation Notice and (ii) a notice of non-voting status for holders of Claims in the Unimpaired Classes (the "**Unimpaired Non-Voting Status Notice**"), substantially in the form attached to the Proposed Order as **Exhibit 3**.  Such notice will instruct these holders as to how they may obtain additional copies of the documents contained in the Solicitation Packages (excluding Ballots) if they wish to receive them.  Such notice will also provide notice (i) of the filing of the Combined Disclosure Statement and Plan, (ii) that such party has been identified as the holder of a Claim in an Unimpaired Class, and (iii) that such holder is deemed to accept the Plan.  Such notice will also provide detailed instructions for filing objections to confirmation of the Plan.

40.    Holders of Claims and Interests in the Impaired Non-Voting Classes will receive (i) the Confirmation Notice and (ii) a notice of non-voting status for holders of Claims and Interests in the Impaired Classes (the "**Impaired Non-Voting Status Notice**," and together with the Unimpaired Non-Voting Status Notice, the "**Notices of Non-Voting Status**"), substantially in the form attached to the Proposed Order as **Exhibit 4**.  Such notice will instruct these holders as to

how they may obtain additional copies of the documents contained in the Solicitation Packages (excluding Ballots) if they wish to receive them. Such notice will also provide notice (i) of the filing of the Combined Disclosure Statement and Plan, (ii) that such party has been identified as the holder of a Claim or Equity Interest in an Impaired Class, and (iii) that such holder is deemed to reject the Plan. Such notice will also provide detailed instructions for filing objections to confirmation of the Plan.

41.     In light of the foregoing, the mailing of the Notices of Non-Voting Status (in lieu of Solicitation Packages) to the holders of Claims and Interests in Non-Voting Classes complies with the requirements of Bankruptcy Rule 3017(d) and should be authorized.

## TABULATION PROCEDURES

**A.      Procedures for Tabulating Votes**

42.     The Debtors propose that the following procedures be utilized in tabulating the votes to accept or reject the Plan (the "**Tabulation Procedures**"):

    a.  Except as otherwise provided in these Tabulation Procedures, a Claim will be temporarily allowed for voting purposes only in an amount equal to (i) if no proof of claim has been timely filed in respect of such Claim, the amount of such Claim as set forth in the Schedules or (ii) if a proof of claim has been timely filed in respect of such Claim, the amount set forth in such proof of claim.

    b.  Duplicative Claims (i.e., the same Claim against two or more of the Debtors) listed in the Debtors' Schedules or in timely-filed proofs of claim will be deemed temporarily allowed for voting purposes only in an amount equal to one such Claim and not in an amount equal to the aggregate of such Claims.

    c.  If a Claim, for which no proof of claim has been timely filed, is listed on the Schedules, but is listed as contingent, unliquidated or disputed, either in whole or in part, or if no Claim amount is specified, such Claim shall be disallowed for voting purposes; provided, however, that any undisputed portion, if any, of such Claim will be deemed temporarily allowed for voting purposes, subject to the other Tabulation Procedures.

    d.  If a Claim, for which a proof of claim has been timely filed, has not been disallowed and is not subject to a pending objection or adversary proceeding as of the Claims

Objection Deadline (defined below), is designated in the proof of claim as, or determined after a reasonable review by counsel to the Debtors to be, contingent, unliquidated or disputed, either in whole or in part, or if no Claim amount is specified on such proof of claim, such Claim shall be temporarily allowed solely for voting purposes in the amount of $1.00, irrespective of how such Claim may or may not be set forth on the Schedules; provided, however, that any undisputed portion, if any, of such Claim will be deemed temporarily allowed for voting purposes, subject to the other Tabulation Procedures.

e.   If the Debtors have served an objection or request for estimation as to a Claim on or before **February 7, 2025** (the "**Claims Objection Deadline**"), such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and manner as set forth in such objection, unless otherwise ordered by the Court.

f.   Claimholders will not be entitled to vote Claims to the extent such Claims have been superseded and/or amended by other Claims filed by or on behalf of such Claimholders.

g.   Except as otherwise ordered by the Court, any Ballots received after the Voting Deadline may be counted in the sole discretion of the Debtors.

h.   Any Ballot that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and rejection of the Plan will not be counted.

i.   Any Ballot that is returned indicating acceptance or rejection of the Plan but is unsigned will not be counted.

j.   If a Claimholder casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-dated, valid Ballot timely received will be deemed to reflect the voter's intent and will thus supersede any previously submitted Ballots.

k.   If a Claimholder casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted.

l.   Each Claimholder will be deemed to have voted the full amount of its Claim as set forth on the Ballot.

m.   Claimholders may not split their vote on account of a single Claim but must vote the entirety of a single Claim either to accept or reject the Plan; provided, however, a Claimholder holding multiple Claims within a single Class may vote each Claim separately.

n.   Ballots partially rejecting and partially accepting the Plan will not be counted.

o. The method of delivery of Ballots to the Balloting Agent is at the risk of each Claimholder, and such delivery will be deemed made only when the original Ballot is actually <u>received</u> by the Balloting Agent.

p. The Debtors expressly reserve the right to amend the terms of the Combined Plan (subject to compliance with section 1127 of the Bankruptcy Code). If the Debtors make material changes to the terms of the Plan, the Debtors will disseminate additional solicitation materials and extend the solicitation period, in each case to the extent required by law or further order of the Court.

q. If a Ballot is executed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity on behalf of a Claimholder, such person will be required to indicate such capacity when signing and, at the Balloting Agent's discretion, must submit proper evidence satisfactory to the Balloting Agent to so act on behalf of the Claimholder.

r. Any Claimholder who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a).

s. Subject to any contrary order of the Court, the Debtors reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot.

t. Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline or within such time as the Court determines, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

u. Claims filed in the amount of $0.00 shall be disallowed for voting purposes.

v. Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification.

43.     The Debtors respectfully submit that the Tabulation Procedures, including the process by which Claimholders can cast their Ballots through the E-Ballot Portal, will establish a fair and equitable voting process, particularly given the right of parties to seek temporary allowance of their claims on some other basis, as described in greater detail below.  Therefore, the Debtors seek the Court's approval of such proposed Tabulation Procedures.

**B.    Procedures for Temporary Allowance of Claims**

44.    The Debtors propose that any Claimholder that seeks to challenge the temporary allowance of its Claim for voting purposes based on the Tabulation Procedures be required to file a motion, pursuant to Bankruptcy Rule 3018(a),[3] for an order temporarily allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "**Rule 3018 Motion**") no later than February 7, 2025, and serve the Rule 3018 Motion on the undersigned counsel to the Debtors.  The Debtors (and, with respect to filing a response, any party in interest) will then have until February 28, 2025 to file and serve any responses to Rule 3018 Motions.  In accordance with Bankruptcy Rule 3018, the Debtors further propose that any Ballot submitted by a Claimholder that files a Rule 3018 Motion will be counted solely in accordance with the Tabulation Procedures and other applicable provisions contained herein unless and until the underlying Claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

## OBJECTIONS TO CONDITIONAL APPROVAL

45.    Pursuant to Local Rule 3017-2, the Debtors must provide fourteen (14) days' notice of the deadline to object to interim approval with a hearing not to be held less than seven (7) days after such deadline has expired.  Del. Bankr. L.R. 3017-2(b)(i).

46.    The Debtors propose that any objections or responses to the conditional approval of the Combined Disclosure Statement and Plan for solicitation purposes at the Interim Hearing shall (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, and (c) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 by

---

[3]  Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purposes of accepting or rejecting a plan."

no later than **January 21, 2025** with a copy served upon (i) Debtors' counsel, Raines Feldman Littrell LLP, 1900 Avenue of the Stars, 19th Floor, Los Angeles, CA 90067 (Attn: Hamid R. Rafatjoo (hrafatjoo@raineslaw.com)) and Raines Feldman Littrell LLP, 1200 N. Broom Street, Wilmington, DE 19806 (Attn: Thomas J. Francella, Jr. (tfrancella@raineslaw.com)); (ii) the U.S. Trustee, 844 N. King Street, Wilmington, DE 19806 (Attn: Jonathan W. Lipshie, (jon.lipshie@usdoj.gov)); (iii) counsel to TREW Capital Management Private Credit 2 LLC, CM Law PLLC, 3411 Silverside Road, Suite 104-13, Wilmington, DE 19810 (Attn: Mette H. Kurth (mkurth@cm.law)); and (iv) counsel to the Committee, McDonald Hopkins LLC, 501 S. Flagler Drive, Suite 200, West Palm Beach, FL 33401 (Attn: Alan M. Burger (aburger@mcdonaldhopkins.com) and Scott N. Opincar (sopincar@mcdonaldhopkins.com)) and Morris, Nichols Arsht & Tunnell LLP, 1201 N. Market Street, Wilmington, DE 19801 (Attn: Derek C. Abbott (dabbott@morrisnichols.com) and Matthew O. Talmo (mtalmo@morrisnichols.com)).

47.     Given that the Debtors are not seeking *final* approval of the adequacy of the disclosures contained in the Combined Disclosure Statement and Plan at the Interim Hearing, the Debtors do not believe that the notice requirements of Bankruptcy Rule 2002(b) and (d) (requiring 28 days' notice of the deadline for filing objections to, and the hearing to consider approval of, a disclosure statement) and Local Rule 3017-1(a) (requiring that the hearing on approval of a disclosure statement be 35 days after service of such disclosure statement and the deadline to object to such disclosure statement be 28 days after service of such disclosure statement) are applicable.

**CONFIRMATION HEARING AND CONFIRMATION OBJECTION DEADLINE**

48.     Local Rule 3017-2 requires that the Debtors provide notice of the deadline to object to final approval of the adequacy of the disclosure statement and confirmation of the proposed plan

in accordance with Bankruptcy Rule 2002(b) and that the final hearing shall not be less than 7 days after such objection deadline.  Del. Bankr. L.R. 3017-2(b)(iv).  In turn, Bankruptcy Rule 2002(b) requires that the Debtors provide notice to all creditors and parties in interest at least 28 days prior to the deadline for filing objections to confirmation of a plan and approval of a disclosure statement.  Fed. R. Bankr. P. 2002(b).

49.     In addition, Bankruptcy Rule 2002(d) requires that equity security holders be given notice of these matters in the manner and form directed by the Court.  As discussed above, (i) holders of Claims and Interests in the Non-Voting Classes will be served with a copy of the Confirmation Notice and the Notices of Non-Voting Status, as applicable, and (ii) Claimholders in the Voting Classes will also receive the Solicitation Package, including a Ballot.  In addition, the Debtors propose to serve the Confirmation Notice on (a) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in these Cases; (b) state and local taxing authorities in which the Debtors did business; (c) the Internal Revenue Service; (d) the Securities and Exchange Commission; (e) the United States Trustee; (f) all persons or entities listed on the Debtors' creditor mailing matrix; and (g) all holders of Claims and Interests (to the extent not otherwise included in the foregoing) upon such parties no later than 1 business day after entry of the Proposed Order, or as soon as reasonably practicable thereafter.

50.     The Debtors request that the hearing to consider final approval of the adequacy of the disclosures in the Combined Disclosure Statement and Plan and confirmation of the Plan, be set for **March 11, 2025 at 1:00 p.m. (ET)** (the "**Confirmation Hearing**").  In the interests of orderly procedure, the Debtors further request that objections to confirmation of the Plan, including final approval of the adequacy of the disclosures contained therein (each, a "**Confirmation Objection**"), if any, must (a) be in writing and (b) be filed with the Court no later than **February**

**28, 2025** (the "**Confirmation Objection Deadline**") and served on Debtors' counsel, Raines Feldman Littrell LLP, 1900 Avenue of the Stars, 19th Floor, Los Angeles, CA 90067 (Attn: Hamid R. Rafatjoo (hrafatjoo@raineslaw.com)) and Raines Feldman Littrell LLP, 1200 N. Broom Street, Wilmington, DE 19806 (Attn: Thomas J. Francella, Jr. (tfrancella@raineslaw.com)); (ii) the U.S. Trustee, 844 N. King Street, Wilmington, DE 19801 (Attn: Jonathan W. Lipshie, (jon.lipshie@usdoj.gov)); (iii) counsel to TREW Capital Management Private Credit 2 LLC, CM Law PLLC, 3411 Silverside Road, Suite 104-13, Wilmington, DE 19810 (Attn: Mette H. Kurth (mkurth@cm.law)); and (iv) counsel to the Committee, McDonald Hopkins LLC, 501 S. Flagler Drive, Suite 200, West Palm Beach, FL 33401 (Attn: Alan M. Burger (aburger@mcdonaldhopkins.com) and Scott N. Opincar (sopincar@mcdonaldhopkins.com)) and Morris, Nichols Arsht & Tunnell LLP, 1201 N. Market Street, Wilmington, DE 19801 (Attn: Derek C. Abbott (dabbott@morrisnichols.com) and Matthew O. Talmo (mtalmo@morrisnichols.com)).  The Debtors may, in their discretion, file briefing and/or declarations in support of the Combined Disclosure Statement and Plan and/or a consolidated reply to any Confirmation Objections by no later than **March 6, 2025** (or three (3) business days prior to the date of any adjourned Confirmation Hearing).

51.     The Debtors submit that the notice of the deadline to object to final approval of the adequacy of the disclosure statement and confirmation of the proposed plan complies with Bankruptcy Rule 2002(b).

## **NOTICE**

52.     Notice of the Motion will be given to (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to TREW; (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; and (vi) those parties who have requested notice pursuant to Bankruptcy

Rule 2002. The Debtors submit that, in light of the nature of the relief requested and the circumstances of these Cases, no other or further notice need be given.

## NO PRIOR REQUEST

53.     No prior request for the relief sought herein has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, and provide such other and further relief to the Debtors as the Court deems just and proper.

Dated: January 7, 2025
       Wilmington, Delaware

**RAINES FELDMAN LITTRELL LLP**

*/s/ Thomas J. Francella, Jr.*
Thomas J. Francella, Jr. (No. 3835)
Mark W. Eckard (No. 4542)
1200 N. Broom Street
Wilmington, DE 19806
Telephone: (302) 772-5805
Email: tfrancella@raineslaw.com
     meckard@raineslaw.com

- and -

Hamid R. Rafatjoo (*pro hac vice*)
Robert S. Marticello (*pro hac vice*)
1900 Avenue of the Stars, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 440-4100
Email: hrafatjoo@raineslaw.com
     rmarticello@raineslaw.com

- and -

David S. Forsh (*pro hac vice*)
1350 Avenue of the Americas, 22nd Floor
New York, NY 10019
Telephone: (917) 790-7100
Email: dforsh@raineslaw.com

*Counsel to the Debtors and Debtors in Possession*