## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BURGERFI INTERNATIONAL INC., *et al.*,[1] | Case No. 24-12017 (CTG) |
| Debtors. | (Jointly Administered) |
| DANIEL F. DOOLEY, solely in his capacity as Liquidating Trustee of the *BurgerFi International Inc., et al. Liquidating Trust,* | Adv. Pro. No. _____ |
| Plaintiff, | |
| v. | |
| LION POINT CAPITAL, LP, | |
| Defendant. | |

## COMPLAINT TO AVOID AND RECOVER
## PREFERENTIAL TRANSFERS AND FOR DISALLOWANCE OF CLAIMS

Plaintiff Daniel F. Dooley, solely in his capacity as the Liquidating Trustee of the *BurgerFi International Inc., et. al. Liquidating Trust* (the "Liquidating Trustee" or "Plaintiff"), by and through his undersigned counsel, hereby files this Adversary Complaint (the "Complaint") against Lion Point Capital, LP, a Delaware limited partnership ("Defendant").  In support of this Complaint, Plaintiff here by avers the following:

---

[1] The last four digits of the tax identification number of BurgerFi International, Inc. and of Anthony's Pizza Holding Company, LLC are 8815 and 4718, respectively. A list of all Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, is available at https://cases.stretto.com/BFI. The Liquidating Trust's mailing address is: MorrisAnderson, Attn: Daniel F. Dooley, 55 West Monroe Street, Suite 2350, Chicago, Illinois 60603.

## Jurisdiction

1.      This is an adversary proceeding in bankruptcy brought by Plaintiff pursuant to rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

2.      Plaintiff is the Liquidating Trustee of the *BurgerFi International Inc., et. al. Liquidating Trust*.

3.      Defendant's principal place of business is located at 375 Park Avenue, Suite 2609, New York, New York 10152-2603, and its registered agent is the Corporation Trust Company, having an address at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(B) and (F), 28 U.S.C. § 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  Plaintiff consents to the entry of final orders or judgments by this Court.

## General Allegations

5.      Plaintiff incorporates by reference all prior paragraphs.

6.      On September 11, 2024 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

7.      On March 12, 2024, the Court entered an order (D.I. 1365) (the "Confirmation Order") confirming the Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation (the "Plan").

8.      On March 17, 2025 (the "Effective Date"), the Plan became effective in accordance with its terms.  In accordance with the Plan, Confirmation Order, and that certain BurgerFi International Inc., et al. Liquidating Trust Agreement, on the Effective Date, the Liquidating Trust Assets (as defined in the Plan) were transferred to and became vested in the

Liquidating Trust, and Plaintiff Daniel F. Dooley of MorrisAnderson, a part of J.S. Held LLC, was appointed the Liquidating Trustee of the Liquidating Trust.

9.      From and after the Effective Date, the Liquidating Trustee is the exclusive representative of each Debtor with all rights and powers of a trustee under the Bankruptcy Code.

10.     During the 90 days prior to the Petition Date, Debtor BurgerFi International, Inc., a Delaware corporation ("BFI"), paid Defendant $675,000.00 (the "Transfers"). *See* attached **Exhibit A**.

11.     Pursuant to 11 U.S.C. § 547(f), the Debtors are presumed to have been insolvent on and during the 90 days immediately preceding the Petition Date.

12.     Therefore, as of the dates of the Transfers, BFI was insolvent.

13.     On June 4, 2025, the Liquidating Trustee issued a demand letter to Defendant, asserting that the Transfers were avoidable preferential transfers pursuant to 11 U.S.C. § 547, and requesting a response and documentation of any alleged defenses Defendant may be entitled to raise.

14.     On June 13, 2025, Defendant, through counsel, responded to the Liquidating Trustee's demand letter asserting defenses that the Liquidating Trustee disputes.

15.     The Liquidating Trustee complied with Section 547(b) prior to the filing of this complaint.

16.     Upon information and belief, the Transfers were made on account of antecedent debt owed by BFI to Defendant, and Defendant was, at all relevant times, a creditor of BFI. Plaintiff reserves his  right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revisions to the Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (e.g., but not

exclusively, 11 U.S.C. §§ 542, 544, 545, 548 and/or 549), that may become known to Plaintiff

at any time during this adversary proceeding, through formal discovery or otherwise, and for the

Amendments to relate back to this original Complaint.

## COUNT I

### AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547 AND LIABILITY FOR VALUE OF TRANSFERS PURSUANT TO 11 U.S.C. § 550

17.     Plaintiff incorporates by reference all prior paragraphs.

18.     Pursuant to 11 U.S.C. § 547(b),

the trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property—

    (1)    to or for the benefit of a creditor;
    (2)    for or on account of an antecedent debt owed by the debtor before such transfer was made;
    (3)    made while the debtor was insolvent;
    (4)    made—
        (A)    on or within 90 days before the date of the filing of the petition; or
        (B)    between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
    (5)    that enables such creditor to receive more than such creditor would receive if the case were a case under chapter 7 of this title, the transfer had not been made, and such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

19.     Each Transfer was of an interest in property of BFI, as identified on **Exhibit A**.

20.     Defendant was a creditor of BFI at the time of the Transfers, as BFI was indebted

to Defendant under that certain Settlement Agreement dated July 23, 2024 (the "Settlement

Agreement"), in the amount of One Million Three Hundred Fifty Thousand Dollars ($1,350,000.00), a true and correct copy of which is attached as **Exhibit B**.

21.     BFI made the Transfers on account of the antecedent debt it owed to Defendant under the Settlement Agreement.

22.     BFI was insolvent at the time of the Transfers because its liabilities exceeded its assets.

23.     BFI made the Transfers within 90 days preceding the Petition Date.

24.     Because of the Transfers, Defendant received more than it would have if (i) the Debtors' cases were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendant received payments of its debts under the provisions of the Bankruptcy Code.

25.     The Liquidating Trustee performed reasonable due diligence in the circumstances of the case by issuing a demand letter to Defendant and requesting Defendant provide documentation of any alleged defenses.

26.     Therefore, pursuant to 11 U.S.C. § 547(b), the Liquidating Trustee may avoid the Transfers.

27.     Pursuant to 11 U.S.C. § 550, the Liquidating Trustee may recover the value of the avoided Transfers from the Defendant.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in the Plaintiff's favor and against the Defendant in an amount not less than $675,000.00, in addition to costs, interest, and attorney's fees and all other relief that this Court deems just and proper.

## COUNT II
## DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

28.     Plaintiff incorporates by reference all prior paragraphs.

29.     Defendant received Transfers avoidable pursuant to 11 U.S.C. § 547.

30.     Pursuant to 11 U.S.C. § 502(d), the Court shall disallow any claim of any entity from which property is recoverable pursuant to 11 U.S.C. § 547.

31.     Because Defendant has not paid or surrendered the Transfer(s) to Plaintiff, any claims of Defendant (including, but not limited to, Claim No. 438 filed by Defendant on January 1, 2025), or should any further such claims be asserted, must be disallowed unless and until the Transfers are repaid.

WHEREFORE, Plaintiff requests that this Honorable Court enter a judgment in his favor and against Defendant, disallowing all of Defendant's claims pursuant to 11 U.S.C. § 502(d) of the Bankruptcy Code, unless and until Defendant returns the Transfers to Plaintiff, plus costs, interest, and attorneys' fees.

Dated: September 26, 2025

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Matthew O. Talmo*
Derek C. Abbott (No. 3376)
Matthew O. Talmo (No. 6333)
Luke Brzozowski (No. 7377)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Email: dabbott@morrisnichols.com
       mtalmo@morrisnichols.com
       lbrzozowski@morrisnichols.com

- and -

MCDONALD HOPKINS LLC
Scott N. Opincar (admitted *pro hac vice*)
Maria G. Carr (admitted *pro hac vice*)
600 Superior Avenue, East
Suite 2100
Cleveland, OH  44114
Telephone: (216) 348-5753
Email: sopincar@mcdonaldhopkins.com
       mcarr@mcdonaldhopkins.com

*Counsel for Daniel F. Dooley, Liquidating Trustee*